## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEATHER HASENBANK,       )
                             )
             Plaintiff,     )
                             )
     v.               )       Case No. 20-4082-JTM-ADM
                             )
DAN GRONNIGER et al.,      )
                             )
           Defendants.    )

## <u>ORDER</u>

This matter comes before the court on plaintiff Heather Hasenbank's ("Hasenbank") Motion to Proceed In Forma Pauperis (ECF 3) and Motion to Appoint Counsel (ECF 4). Hasenbank, proceeding pro se, filed a complaint alleging that defendants Dan Gronniger and Mandy Jone violated her Fourth Amendment rights by disclosing documents protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). For the reasons discussed in further detail below, the court grants Hasenbank leave to proceed in forma pauperis ("IFP") and denies her request for appointment of counsel.

## I.    MOTION TO PROCEED IFP

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). After carefully reviewing the information Hasenbank provided in her financial affidavit, the court waives the

filing fee required for her to commence this civil action.  Hasenbank is granted leave to proceed IFP.

## II.     MOTION TO APPOINT COUNSEL

The court turns next to Hasenbank's request for appointment of counsel.  "There is no constitutional right to appointed counsel in a civil case."  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam).  Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis."  *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam).  In deciding whether to appoint an attorney to represent an indigent party, the court considers the following factors: (1) the merit of the party's claims; (2) "the nature and complexity of the factual and legal issues"; and (3) the party's "ability to investigate the facts and present [the] claims."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  The court also considers whether the party has made a diligent effort to retain an attorney.  *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

The fact that an attorney could assist in presenting the "strongest possible case" is not enough to justify appointing counsel because "the same could be said in any case."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).  In addition, the court is mindful that § 1915(e)(1) provides no method for compensating an attorney who takes on the case.  The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments."  *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time."  *Id.*

The first factor—the merits of Hasenbank's claims—weighs against appointing counsel. Hasenbank makes no argument regarding the merit of her claims, so the court can look only to the complaint. Hasenbank's allegations appear similar to those she made in a lawsuit she filed pro se in 2016, in which the court dismissed her case for failure to state a claim. *See Hasenbank v. Gibbs*, No. 16-4139-DDC-KGS, 2016 WL 5791225 (D. Kan. Aug. 31, 2016), *aff'd*, 2016 WL 5661646 (D. Kan. Sept. 30, 2016). Further, Hasenbank's motion states that each of the four attorneys she contacted regarding her current claims declined to represent her. (ECF 4, at 2-3, 7.)

The second and third § 1915(e)(1) factors also weigh against appointing counsel. The factual and legal issues involving the alleged disclosure of HIPAA-protected documents do not appear to be complex. Hasenbank also has not demonstrated any reason why she would be unable to investigate the facts and present her claims to the court. She is familiar with the federal court system, as evidenced by her previous lawsuit where she also represented herself. Because none of the § 1915(e)(1) factors weigh in Hasenbank's favor, the court denies her motion to appoint counsel.

## III.   CONCLUSION

Hasenbank's financial situation warrants waiving the filing fee, but she has not established that appointing counsel under § 1915(e)(1) is appropriate at this time. When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which authorizes the court to dismiss a case if it determines that the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The court will review Hasenbank's complaint in more detail and issue a separate report and recommendation.

**IT IS THEREFORE ORDERED** that plaintiff Heather Hasenbank's Motion to Proceed In Forma Pauperis (ECF 3) is granted, and her Motion to Appoint Counsel (ECF 4) is denied.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall withhold service on the defendants until further order of the court.

**IT IS SO ORDERED.**

Dated December 21, 2020, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge