IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEATHER HASENBANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-4082-JTM-ADM |
| | ) | |
| DAN GRONNIGER et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Heather Hasenbank ("Hasenbank"), proceeding pro se and in forma pauperis, filed a complaint alleging that defendants Dan Gronniger and Mandy Jone violated her Fourth Amendment rights by disclosing documents protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). For the reasons discussed below, the undersigned recommends that the district judge dismiss this action because Hasenbank fails to state a claim upon which relief can be granted.

## I.    BACKGROUND

Hasenbank's factual allegations are brief. She alleges:

> Maddy Jone got over HIPPA [sic] protected document that come across state line[.] KVC got their hand on them[.] [Dan] Gronniger told KVC to give them to the court. The court didn't subpoena or warrant this. HIPPA [sic] were privileged. The HIPPA [sic] didn't pertain to a case document [illegible].[1]

(ECF 1, at 3.) She goes on to state that "they got HIPPA protected document, [which] is a federal offense because they violation our 4th Amendment Right." (*Id.* at 4.) She names Gronniger and

---

[1] Hasenbank's supplement to her complaint largely repeats the same allegations. (*See* ECF 8, at 1. ("KVC has given out our HIPPA [sic] protected documents twice which is a federal offense.")) The does not alter the undersigned's conclusion that Hasenbank has not stated a claim.

Jone as defendants and states that she asserts a claim under 42 U.S.C. § 1983 for alleged violations

of her Fourth Amendment rights.  On December 21, 2020, the court granted Hasenbank's motion

for leave to proceed in forma pauperis but withheld service on defendants pending screening of

her complaint, which is now before the court.

## II.    LEGAL STANDARD

When a plaintiff proceeds in forma pauperis, the court must screen the complaint under 28

U.S.C. § 1915(e)(2)(B).  That statute authorizes the court to dismiss a case if it determines the

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief."  *Salgado-Toribio*

*v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (screening applies to all litigants proceeding in

forma pauperis).  The screening process "is designed largely to discourage the filing of, and waste

of judicial and private resources upon, baseless lawsuits that paying litigants generally do not

initiate because of the costs of bringing suit and because of the threat of sanctions for bringing

vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams,* 490 U.S. 319, 327

(1989).

In screening Hasenbank's compliant to determine whether it states a claim, the court

applies the same standard it applies to Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *Kay v. Bemis*,

500 F.3d 1214, 1217 (10th Cir. 2007).  A "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim for relief. *Id.*

The court must liberally construe a pro se plaintiff's filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## III.   DISCUSSION

The court construes Hasenbank's complaint as asserting a claim under 42 U.S.C. § 1983 for alleged violations of her Fourth Amendment Rights and potentially asserting a claim under HIPAA. She does not state a claim for relief under either statute for the reasons discussed below.

### A.  Fourth Amendment Violations Under Section 1983

Hasenbank does not state a claim for relief under 42 U.S.C. § 1983 for alleged violations of her Fourth Amendment Rights. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Hasenbank has not pleaded facts sufficient to support either element.

Turning to the first element, Hasenbank has not alleged facts that, if proven true, would establish a deprivation of her Fourth Amendment rights. The Fourth Amendment protects against both unreasonable searches and unreasonable seizures. U.S. CONST. AMEND. IV. An unreasonable search "occurs when an expectation of privacy that society is prepared to consider reasonable is infringed," whereas an unreasonable seizure of property occurs when "there is some meaningful

3

interference with an individual's possessory interests in that property." *United States v. Jacobsen,* 466 U.S. 109, 113 (1984). Hasenbank does not specify whether she contends that she was subject to an unreasonable search or an unreasonable seizure, but the court presumes she is alleging the former because Hasenbank has not alleged a property interest in the documents referenced. Individuals have a recognized a privacy interest in their own medical information. *See Pyle v. Woods*, 874 F.3d 1257, 1263–64 (10th Cir. 2017) (summarizing cases and considering a warrantless search of database containing prescription-drug information); *see also Kerns v. Bader*, 663 F.3d 1173, 1184 (10th Cir. 2011) (considering medical records provided to law enforcement by a third-party hospital). However, "a plaintiff alleging a Fourth Amendment violation is not entitled to relief merely upon identifying an abstract right to privacy protected by the Fourth Amendment" but must instead "show that the defendant's *actions* violated the right at issue." *Pyle*, 874 F.3d at 1236-64. (emphasis in original). While Hasenbank might have a privacy interest in documents subject to HIPAA protections, she has not explained how Gronniger or Jone violated the Fourth Amendment right at issue here. Indeed, HIPAA regulations themselves allow protected health information to be disclosed under certain circumstances, and the fact that two individuals obtained and provided these materials to others is not itself indicative of an unreasonable search.

Hasenbank also has not alleged that Gronniger and Jone acted under the color of state law. To state a claim under § 1983, a plaintiff must show that the alleged deprivation of a constitutional right was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation

4

omitted). Here, Hasenbank has not alleged that Gronniger and Jone acted under the color of state law and she has not pleaded any facts that would support such an allegation.

## B. HIPAA Violations

The court has also considered the fact that Hasenbank's complaint repeatedly references HIPAA violations. But even if the alleged conduct violated HIPAA, that Act does not give rise to a private right of action. Indeed, Hasenbank brought a prior case in this district asserting both § 1983 and HIPAA claims. *See Hasenbank v. Gibbs*, 16-4139-DDC-KGS. As the court informed her then, HIPAA does not provide a private right of action. (*See id.* at ECF 6; ECF 9.) This is still true. *See Freier v. Colorado*, 804 F. App'x 890, 891 (10th Cir. 2020) (holding a 2009 amendment to HIPAA did not create a right of action); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA does not create a private right of action for alleged disclosures of confidential medical information."). Thus, to the extent Hasenbank's complaint could be liberally construed as attempting to assert a claim under HIPAA, that claim would also be subject to dismissal.

## C. Conclusion

Because Hasenbank has not pleaded facts sufficient to support either element of a § 1983 claim and because HIPAA does not provide a private right of action, the magistrate judge recommends that the district judge dismiss this case under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b)(2), and D. KAN. RULE 72.1.4(b), plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will

be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

The undersigned directs the clerk's office to mail a copy of this report and recommendation to Hasenbank by both regular mail and by certified mail, with return receipt requested.

Dated February 2, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge