IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEATHER HASENBANK,

      Plaintiff,

      v.                               Case No. 20-4082-JTM-ADM

DAN GRONNIGER et al.,

      Defendants.

## MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the court on the Report and Recommendation (R&R) (Dkt. 10) of Magistrate Judge Angel D. Mitchell filed on February 2, 2021, which recommends that the court dismiss plaintiff Heather Hasenbank's action for failure to state a claim upon which relief can be granted. The R&R advised Hasenbank that she was entitled to file written objections within fourteen days of service, and that failure to file objections within the fourteen-day period would result in waiver of any right to appeal the Magistrate Judge's factual and legal determinations. (*Id.*, p. 5-6).

The R&R was mailed to Hasenbank by both regular and certified mail on February 2, 2021. The certified mail return receipt shows the R&R was delivered to and signed for by Hasenbank, but the date of receipt was not completed. (*See* Dkt. 11). In any event, the return receipt was received by the court on February 10, 2021 (*id.*), meaning that the longest period of time Hasenbank would have had to respond to the R&R was fourteen days from February 10, 2021. Hasenbank filed an Objection to the R&R on February 17, 2021 (Dkt. 12) and filed a supplemental Objection on February 24, 2021. (Dkt. 13). Under

the circumstances, the court considers Hasenbank's Objections to be timely submitted but insufficient to overcome the Magistrate Judge's legal and factual determinations.

The court finds that Magistrate Judge Mitchell fully and accurately considered the allegations in Hasenbank's Complaint (Dkt. 1) and the supplement to the Complaint (Dkt. 8), and that she construed those allegations liberally in light of Hasenbank's *pro se* status. Hasenbank's pleadings allege claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and under HIPAA. Even with the most liberal construction, Hasenbank's allegations fail to state a proper claim under the governing legal authorities.

With respect to Hasenbank's Section 1983 claim, the court agrees that Hasenbank fails to show either a deprivation of a federally protected right, or that the deprivation was committed by a person acting under color of state law. *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Hasenbank does not plead any allegations to show that either of the defendants in this matter were acting under the color of state law when they obtained "HIPAA protected" documents. Nor does she plead facts sufficient to show that any of those actions were a violation of the Fourth Amendment. Hasenbank does not explain how Gronniger or Jone obtained those documents in violation of her personal Fourth Amendment rights. As Magistrate Judge Mitchell notes, HIPAA regulations allow protected health information to be disclosed in certain circumstances, and Hasenbank's own Objections indicate that Jone did not obtain the allegedly protected document from an improper search or seizure of Hasenbank, but instead from an individual acting as guardian *ad litem* for Hasenbank's children in Nebraska. (Dkt. 13, p. 1). Further, while Hasenbank may have a recognized privacy interest in her own medical

2

information, she does not allege that her *personal* medical information was wrongfully obtained. Instead, the supplement to the Complaint alleges that the "document were (sic) Medicaid that pertain to our other child….") (Dkt. 8) and Hasenbank's supplemental Objection indicates "[t]he document didn't pertain to our daughter…." (Dkt. 13, p. 2).

With respect to Hasenbank's repeated allegation that defendants disclosed HIPAA protected documents to the KVC, social media, and other parties against her wishes, Hasenbank's allegations are insufficient to allow the court to determine whether those documents qualify as protected information under the statute. Even if Hasenbank provided sufficient information to establish HIPAA protection, however, the statute does not create a private right of action. *Freier v. Colorado*, 804 Fed.Appx. 890, 891 (10th Cir. 2020); *Wilkerson v. Shinseki,* 606 F.3d 1256, 1267 n.4 (10th Cir. 2010).

Hasenbank bears the burden to plead sufficient facts to establish a recognizable legal claim in order to avoid dismissal. The court concludes that she has not met that burden, and that any amendment of the allegations would be futile. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). The court accordingly adopts Magistrate Judge Mitchell's R&R in its entirety.

Hasenbank's action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED this 1st day of March, 2021.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT

3